CLARK HILL LLP
TEANNA L. BUCHNER (SBN 275697)
tbuchner@ClarkHill.com
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone:  (213) 891-9100
Facsimile:   (213) 488-1178

Attorneys for Specially Appearing Defendants Nia McConnell and
High Street Equity Ventures, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRTUALPOINT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NIA MCCONNELL, HIGH STREET EQUITY VENTURES, LLC<br><br>Defendants. | Case No.  8:21-cv-00283<br><br>**DEFENDANTS NIA MCCONNELL AND HIGH STREET EQUITY VENTURES, LLC NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441; DECLARATION OF TEANNA L. BUCHNER**<br><br>[DIVERSITY JURISDICTION] |

**TO THE COURT, PLAINTIFF, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that defendants High Street Equity Ventures, LLC and Nia McConnell ("Defendants") hereby remove the above-entitled civil action from the Superior Court of California, for the County of Orange, to the United States District Court for the Central District of California, Southern District pursuant to 28 U.S.C. sections 1332 and 1441.  Removal is proper because  complete diversity of citizenship exists between plaintiff VIRTUALPOINT, INC. ("Plaintiff"), on one hand, and Defendants HIGH STREET EQUITY VENTURES, LLC and NIA MCCONNELL on the other hand, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

In support of this Notice of Removal, Defendant further states:

## I. BACKGROUND

1. On January 5, 2021, Plaintiff filed a Complaint in the Superior Court of California for the County of Orange, entitled "*VirtualPoint, Inc. v. Nia McConnell and High Street Equity Ventures, LLC*", designated as Case Number 30-2021-01177291-CU-BC-CJC. By way of the Complaint, Plaintiff alleges claims for breach of contract.

2. Thereafter Plaintiff allegedly served High Street Equity Ventures, LLC with the summons and Complaint.

## II. TIMELINESS OF REMOVAL

3. This Notice of Removal is timely because it is being filed within thirty days of Defendants' receipt of information from which it was ascertained that the case is removable, and within one year of the commencement of this action pursuant to 28 U.S.C. § 1446(b). (See Buchner Decl., Ex. 1.)

## III. PROCEEDINGS IN STATE COURT

4. As of the date of filing this Notice of Removal, there are no hearings on calendar or pending before the Superior Court of California for the County of Orange with respect to the state court action.

## IV. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

5. The Court has original jurisdiction of this action under 28 U.S.C. § 1332. As described in further detail below, this action is removable pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

///
///
///
////

### A. Complete Diversity Exists Between Plaintiff and Defendants

6. Plaintiff VirtualPoint is a citizen of California. According to the Complaint, VirtualPoint is a California corporation with its principal place of business in the County of Orange, California.

7. Defendant High Street Equity Ventures, LLC is a citizen of the States of Arkansas. As properly alleged by Plaintiff, High Street Equity Ventures, LLC was, is, and at all times relevant, has been a Limited Liability Company incorporated under the laws of the state of Arkansas, with its principle place of business in Arkansas. (Buchner Decl., ¶ 5.)

8. Defendant Nia McConnell is a citizen of Arkansas. For purposes of removal, a natural person is considered a citizen of the state of domicile. As properly alleged by Plaintiff, Nia McConnell is, and at all times relevant, has been a resident of the state of Arkansas.

9. A notice of removal of a civil action involving multiple defendants requires the consent of "all defendants who have been properly joined and served." 28 U.S.C. §1446(2)(a). Both Defendants have been served and despite lack of personal jurisdiction, consent to removal.

10. Thus, because Plaintiff is a citizen of the state of California, Defendants are citizens of the state of Arkansas, complete diversity between the parties exists.

### B. The Amount in Controversy Exceeds $75,000

11. While Defendants deny liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. See *Sanchez v. Monumental Life Ins., 102 F.3d 398, 403-404* (9th Cir. 1996) (finding the defendant must plead "that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount" (internal quotations and citations omitted)).

///

///

12. As the Ninth Circuit explains, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). In order to establish the amount in controversy, a defendant may state underlying facts supporting its assertion that the amount exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

13. In determining the amount in controversy, a court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998). When a defendant seeks removal on diversity grounds, a court must deem the amount demanded by the plaintiff as the amount in controversy. 28 U.S.C. § 1146(2); see also *Sanchez*, 102 F.3d at 40 (finding "the sum claimed by the plaintiff controls," unless it appears "that the claim is really for less than the jurisdictional amount" (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-289 (1938)).

14. If the plaintiff does not include a demand amount in the complaint, the jurisdictional threshold may be established by other documents such as a plaintiff's statement of damages. See e.g. *Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 974-975 (9th Cir. 2007) ("[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim" (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837,840 (9th Cir. 2002)); *Aparicio v. Abercrombie & Fitch Stores Inc.*, 2014 WL 545795, *3 (C.D. Cal . 2014) ("[a] document reflecting a settlement demand in excess of the jurisdictional minimum constitutes 'other paper' sufficient to provide notice that a case is removable").

15. Here, the damages claimed by Plaintiff in its Complaint establishes, by a preponderance of the evidence, that the alleged amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

Indeed, Plaintiff served Defendant with a Complaint seeking damages on the alleged breach of contract of *at least* $50,000, but also seeks attorneys' fees. (Buchner Decl., ¶ 7.)

16. Here, Plaintiff has two sets of counsel, including counsel in both Orange County California, as well as counsel in New York, New York. Based on the nature of the claims, the necessary discovery, including evaluation of investigation of electronic discovery, and the fact that Plaintiff will have two sets of attorneys, it is more likely than not that the amount in controversy exceeds the jurisdictional threshold amount. Accordingly, the amount in controversy requirement is satisfied.

## V. VENUE

17. Without waiving Defendants' right to challenge, among other things, personal jurisdiction by way of motion, responsive pleadings, or otherwise, venue for this removed action lies in the Central District of California, Southern District, pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c). Plaintiff brought this action in the Superior Court of the State of California, County of Orange, which is located within the Central District of the State of California, Southern District. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI. SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

18. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Orange, in the state court action.

///
///
///

19. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after those papers are filed and served.

20. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached to the Buchner Declaration as Exhibit 1.

## VII. PRAYER FOR REMOVAL

21. WHEREFORE, Defendants file this Notice of Removal of this action from the Superior Court of the State of California, County of Orange, in which it is now pending, to the United States District Court for the Central District of California, Southern District.

22. Defendants hereby request that this Court exercise jurisdiction over all further proceedings in this action.

23. Defendants hereby provide notice of and demands a jury trial in the above-captioned matter, without waiving their challenge to personal jurisdiction served concurrently herewith.

Dated: February 12, 2021          CLARK HILL LLP

By: _____
Teanna L. Buchner
Attorneys for Specially Appearing Defendants
Nia McConnell and
High Street Equity Ventures, LLC

6
DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT
ClarkHill\21569\390207\222071733.v1-8/7/19

## DECLARATION OF TEANNA L. BUCHNER

I, Teanna L. Buchner, declare as follows:

1. I am an attorney at law, duly licensed to practice before the courts of the State of California. I am Senior Counsel with the law firm of Clark Hill, LLP, attorneys of record for defendants High Street Equity Ventures, LLC and Nia McConnell ("Defendants").

2. I submit this declaration in support of Defendants' Notice of Removal Pursuant to 28 U.S.C. §§ 1332 and 1441. I have personal knowledge of the facts stated herein, and could and would testify competently thereto if called as a witness in this matter.

3. On January 5, 2021, Plaintiff filed its complaint filed in the Superior Court of California for the County of Orange.("Complaint"). After service of the Complaint, and based on the allegations therein, Defendants identified that Plaintiff was a citizen of California. The Complaint was served on Defendant High Street on January 14, 2021. At some point thereafter, Defendants determined that the matter was removable based upon complete diversity jurisdiction. A true and correct copy of the Complaint served on Defendants is attached as Exhibit "1."

4. As of the date of filing this Notice of Removal, there are no hearings pending before the Superior Court of California for the County of Orange with respect to the state court action.

5. High Street Equity Ventures, LLC was, is, and at all times relevant, has been a Limited Liability Company registered under the laws of the state of Arkansas, with its principle place of business in Arkansas.

///
///
///
///
///

6. Based on Plaintiff's Complaint, Plaintiff seeks to recover damages for breach of contract, as well as attorneys' fees for both Plaintiff's California and New York attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 12, 2021, at Los Angeles, California.

*/s/ Teanna L. Buchner*

Teanna L. Buchner

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 1055 West Seventh Street, 24th Floor, Los Angeles, CA 90017.

On February 12, 2021, I served the following document(s) described as **DEFENDANTS NIA MCCONNELL AND HIGH STREET EQUITY VENTURES, LLC NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441; DECLARATION OF TEANNA L. BUCHNER** on the interested parties in this action as follows:

| MICHAEL D. CILENTO<br>LEWIS & LIN, LLC<br>81 Prospect Street, Suite 8001<br>Brooklyn, NY 11201<br>Telephone: (347) 404-5844<br>Facsimile: (718) 243-9326<br>Email: michael@ilawco.com<br>*Attorneys for Plaintiff Virtualpoint, Inc.* | Ji-In Lee Houck<br>STALWART LAW GROUP, APC<br><br>MAILING ADDRESS<br>8605 Santa Monica Blvd.<br>PMB 72538<br>West Hollywood, CA 90069<br><br>PHYSICAL ADDRESS<br>1100 Glendon Ave, Suite 1840<br>Los Angeles, CA 90024<br>Telephone: (310) 954-2000<br>Email: jiin@stalwartlaw.com<br>cc: josh@stalwartlaw.com<br>*Attorneys for Plaintiff Virtualpoint, Inc.* |

☐ BY U.S. MAIL: By placing a true copy thereof in a sealed envelope addressed as above, with postage thereon fully prepared for first class mail, in the designated outgoing mail receptacle at Clark Hill LLP for collection by another employee who is responsible in the normal course of business for depositing the stamped envelopes for mailing this same day in the United State Mail at Los Angeles, California. I am aware that on motion of the party served, service is presume invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ BY ELECTRONIC MAIL/E-MAIL: I caused the document(s) to be sent to the above-named persons at the e-mail addresses exhibited therewith. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I hereby certify that the foregoing is true and correct.

Executed on February 12, 2021, at Los Angeles, CA.

*Melissa De Los Reyes*
_____
Melissa De Los Reyes